UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RICO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONNIE GIBSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00585-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED BASED ON CLAIM PRECLUSION<br><br>TWENTY-ONE DAY DEADLINE |

　　　　Plaintiff Miguel Rico ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to the jurisdiction of a United States Magistrate Judge.  (ECF No. 5.)  Currently pending before the Court is Plaintiff's complaint, which was filed on April 23, 2014.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

### I. Plaintiff's Allegations

Plaintiff, who is currently incarcerated in the Security Housing Unit at Corcoran State Prison, is challenging his validation as an associate of the Mexican Mafia (EME) prison gang. Plaintiff names the following defendants: (1) Connie Gibson, Warden, Corcoran State Prison; (2) M. Lunes, Assistant Institutional Gang Investigator (IGI), Corcoran State Prison: (3) J. C. Musselman, Assistant IGI at Corcoran State Prison; (4) M. Espinoza, Assistant IGI at Corcoran State Prison; (5) L. Wallace, Assistant IGI at High Desert State Prison; (6) B. Fleming, Assistant IGI at High Desert State Prison; (7) R. S. Marquez, Special Service Unit (SSU) for the Office of Correctional Safety (OCS); (8) J. Harrison, SSU for OCS; (9) M. Ruggiero, Correctional Sergeant at High Desert State Prison. Plaintiff sues defendants in their individual and official capacities.

According to his complaint, Plaintiff was incarcerated on May 16, 2000, and was housed in the general population for approximately 9 years. Although he received disciplinary infractions, he had never been found guilty of any infractions that implied or were indicative of gang involvement.

On May 3, 2011, Plaintiff was removed from the general population and transferred to the Administrative Segregation Unit (Ad Seg) based on a determination by IGI that sufficient evidence existed meeting California Department of Corrections and Rehabilitation (CDCR) criteria for gang validation as an associate of the EME prison gang.

On June 7, 2011, members of the Office of Correctional Safety found that Plaintiff's gang validation package met the validation requirements set forth in the California Code of Regulations and affirmed Plaintiff's validation as an EME associate.

Plaintiff asserts that his validation as an EME associate is not supported by "some evidence." Plaintiff further alleges that Defendants violated his due process rights.

In addition to this action, Plaintiff challenged his validation as an associate of the EME by filing a state habeas corpus action, which was denied on November 7, 2012. Plaintiff appealed the denial to the Court of Appeal in and for the Third Appellate District. The appeal was denied. Plaintiff subsequently appealed to the California Supreme Court. That appeal was denied on June 12, 2013.

**II.     Discussion**

Claim preclusion bars litigation of claims that were or could have been raised in a prior action. Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted).  Federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state. Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 84, 104 S.Ct. 892 (1984) and Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004)) (quotation marks omitted).  A state habeas judgment may have preclusive effect on a later federal § 1983 action. Gonzales v. Cal. Dep't of Corr., 739 F.3d 1226, 1230-31 (2014).

Under California law, a final judgment of a state court precludes further proceedings if they are based on the same cause of action. Brodheim, 584 F.3d at 1268 (citing Maldonado, 370 F.3d at 951) (quotation marks omitted).  California courts employ the primary rights theory to determine what constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.  Id. (citing City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003)) (quotation marks omitted).  If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.  Id. (citing Eichman v. Fotomat Corp., 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (1983)) (quotation marks omitted).

According to exhibits attached to his complaint, in his state habeas action, Plaintiff challenged his validation as an associate of the EME. (Ex. C to Complaint, p. 64.)  The Lassen County Superior Court determined that Plaintiff's habeas petition failed to demonstrate that "there was no evidence or an insufficient number of source items to support the in-prison administrative determinations." (Id. at p. 65.)  Additionally, the court found "no defect of due process." (Id.)

Similarly, in this section 1983 action, Plaintiff challenges his validation as an associate of the EME and asserts due process violations.  The Court finds that the injury and wrong in both the habeas action and federal action are identical; that is, Plaintiff was injured by his validation as an EME

3

associate and he was denied due process in the validation proceedings. The Court therefore finds that this action involves the same primary rights as his state habeas action and this action should be dismissed based on claim preclusion. Moreover, even if the current action includes claims not raised in the habeas action, claim preclusion also prevents litigation of claims that could have been raised in a prior action. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

### III.    Conclusion and Order

For the reasons stated, it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed based on claim preclusion within twenty-one (21) days of the date of service of this order. **Failure to comply with this order will result in the action being dismissed, without prejudice, for failure to comply with a court order**.

IT IS SO ORDERED.

Dated:   **March 23, 2015**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE