UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL RICO,<br><br>            Plaintiff,<br><br>      v.<br><br>CONNIE GIBSON, et al.,<br><br>            Defendants. | Case No.: 1:14-cv-00585-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER<br>(ECF No. 9) |

Plaintiff Miguel Rico ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

On March 23, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and issued an order directing Plaintiff to show cause why this action should not be dismissed based on claim preclusion within twenty-one days of the date of service. The Court advised Plaintiff that the failure to comply with the order would result in the action being dismissed, without prejudice, for failure to comply with a court order. (ECF No. 9.) More than twenty-one days have passed and Plaintiff has not responded to the order or otherwise contacted this Court.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the

1

inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since April 2014. Plaintiff has made no attempt to comply with the Court's order to show cause issued on March 23, 2015, or to address the issue of claim preclusion. The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-133; *Henderson*, 779 F.2d at 1424. The Court's order to show cause issued on March 23, 2015, expressly stated "Failure to comply with this order will result in the action being dismissed, without prejudice, for failure to comply with a court order." (ECF No. 9, p. 4.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

For the reasons stated above, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to obey the Court's order of March 23, 2015.

IT IS SO ORDERED.

Dated:  **April 23, 2015**                              /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE