**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MIGUEL RICO, | ) | Case No.: 1:14-cv-00585-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION, WITH |
| | ) | PREJUDICE, AS BARRED BY CLAIM |
| v. | ) | PRECLUSION |
| | ) | |
| CONNIE GIBSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## I.      Procedural History

Plaintiff Miguel Rico ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on April 23, 2014.  Plaintiff consented to the jurisdiction of a United States Magistrate Judge.  (ECF No. 5.)

On March 23, 2015, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and issued an order directing Plaintiff to show cause why the action should not be dismissed based on claim preclusion.  (ECF No. 9.)  Plaintiff filed a response on May 14, 2015.  (ECF No. 15.)

## II.      Discussion

### A.      Summary of Claim

Plaintiff, who is currently incarcerated in the Security Housing Unit at Corcoran State Prison, is challenging his validation as an associate of the Mexican Mafia (EME) prison gang.  Plaintiff

1

asserts that his validation as an EME associate is not supported by "some evidence." Plaintiff further asserts that Defendants violated his due process rights.

According to exhibits attached to his complaint, Plaintiff also challenged his validation as an associate of the EME by filing a state habeas corpus action in Lassen County Superior Court.  The Superior Court denied the petition on November 7, 2012.  Plaintiff appealed the denial to the Court of Appeal in and for the Third Appellate District.  The appeal also was denied. Plaintiff subsequently appealed to the California Supreme Court, which denied his petition for habeas corpus on June 12, 2013.

**B.      Discussion**

**1.      Prior Proceedings**

In his habeas proceedings, Plaintiff challenged his validation as an associate of the Mexican Mafia prison gang (EME).  The habeas court considered whether there was evidence or an insufficient number of source items to support the administrative determination.  The court found no defect of due process and denied the petition for writ of habeas corpus on November 7, 2012.  (Ex. O to Complaint.)

The California Court of Appeal denied Plaintiff's petition for writ of habeas corpus on March 28, 2013.  (Ex. P to Complaint.)

The California Supreme Court denied the petition for writ of habeas corpus on June 12, 2013.  (Ex. Q to Complaint.)

**2.      Claim Preclusion**

Claim preclusion bars litigation of claims that were or could have been raised in a prior action. *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted).  Federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state.  *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 84, 104 S.Ct. 892 (1984) and *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)) (quotation marks omitted).

Under California law, a final judgment of a state court precludes further proceedings if they are based on the same cause of action.  *Brodheim*, 584 F.3d at 1268 (citing *Maldonado*, 370 F.3d at 951) (quotation marks omitted).  California courts employ the primary rights theory to determine what

constitutes the same cause of action for claim preclusion purposes, and under this theory, a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty.  *Id.* (citing *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 20*03)) (quotation marks omitted).  If two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.  *Id.* (citing *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174, 197 Cal.Rptr. 612 (19*83)) (quotation marks omitted).

   **3.     Findings**

   Here, there is no doubt that Plaintiff is attempting to litigate in this action what he already litigated and lost in the Lassen County Superior Court.  In his habeas action, Plaintiff challenged his validation as an associate of the EME and the Superior Court considered whether his due process rights were violated.  Likewise, in this section 1983 action, Plaintiff challenges his validation as an associate of the EME and asserts due process violations.  The Court therefore finds that this action involves the same primary rights as his state habeas action as the injury and wrong in both actions are identical; that is, Plaintiff claims he was injured by his validation as an EME associate and he was denied due process in the validation proceedings.

   Insofar as Plaintiff argues his action is not barred by claim preclusion because the prior habeas action did not address his freedom of association or Equal Protection claims and he is seeking different forms of relief, his argument lacks merit.  As noted above, because the actions involved the same injury to Plaintiff and the same wrong, then the same primary right is at stake even if Plaintiff now pleads different theories of recovery, seeks different forms of relief or adds new facts supporting recovery in this action.  *Brodheim*, 584 F.3d at 1268.  Given the nature of the deficiency at issue, leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2*000).

///

///

///

**III.     Conclusion and Order**

For the reasons stated, this action is HEREBY DISMISSED, with prejudice, as barred by claim preclusion, and the Clerk's Office SHALL enter judgment.

IT IS SO ORDERED.

Dated:   **May 28, 2015**                   /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE

4